UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANGSTON PATTERSON et al.,<br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br>Defendant. | Case No. 3:25-cv-00994<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Familiarity with the background of this case is presumed. Plaintiffs have filed a motion, under Federal Rule of Civil Procedure 15(a)(2) and Local Rules 15.01 and 7.01(a)(2), for leave to file a second amended complaint. (Doc. No. 112.) Plaintiffs assert that the first amended complaint needs updating in the wake of defendant's decision, on June 23, 2026, to approve

> a sweeping overhaul of eligibility rules for student-athletes, permitting Division I student-athletes up to five years of eligibility if they enroll in college no later than the academic year after their 19th birthday. The new rule streamlines a significant portion of the Division I rule book by eliminating season-of-competition limits, sport-specific eligibility and redshirt rules, and eligibility extension waivers.

(Doc. No. 126-3 at 2.) In the proposed second amended complaint, plaintiffs would amend factual assertions and proposed class definitions to reflect the changes in eligibility rules. Plaintiffs also would add certain athletic conferences as defendants based on their roles in implementing the rule changes. Finally, plaintiffs would preserve the current Count I, alleging illegal restraint of trade under the Sherman Act; but they would add a Count II alleging an unlawful group boycott under the Sherman Act as well as Counts III through XVI alleging breach of contract under the laws of various states with respect to defendant's bylaws. Plaintiffs argue that the second amended complaint would be filed in good faith, reflects recent events, would not be futile, and will promote

the efficient administration of this case without causing any undue prejudice. (Doc. No. 112 at 4–7; Doc. No. 126 at 4–6.)

Defendant opposes amendment for several reasons. Defendant argues that plaintiffs could have named athletic conferences from the beginning of this case, regardless of the June 23, 2026 rule change. (Doc. No. 122 at 4–5.) Adding other defendants and claims now, according to defendant, would cause prejudice through the significant change in discovery and the resulting need to alter case deadlines and to extend the litigation further. (*Id.* at 5.) Defendant further asserts that a settlement in a prior case from California bars the amendments here and that plaintiffs cannot assert additional antitrust claims because "they got everything they could have expected under the previous rule—four seasons of eligibility in five years." (*Id.* at 7.) Similarly, defendant argues that the proposed new claims for breach of contract would be futile because plaintiffs received "the full measure of eligibility to which they were entitled" under the existing eligibility rules that covered them. (*Id.* at 9.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs plaintiffs' motion for leave to amend. Under the rule, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 emphasizes that cases should be tried on the merits rather than on the technicalities of pleadings, *see Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted), but "leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 495 (6th Cir. 2011) (internal quotation marks and citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the

dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) (citation omitted). Futility means that a proposed amendment would not survive a hypothetical motion to dismiss under Rule 12. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citation omitted).

Several factors weigh in favor of allowing leave to amend. While the case is a little over a year old, an initial case management order was not entered until April 7, 2026 (Doc. No. 103), and the case remains in the early stages of considerations for injunctive relief. Amendment to add parties in response to recent events makes more sense now than it would after further pretrial preparations have occurred. *Cf., e.g., Milbry v. JP Morgan Chase Bank*, No. 1:24-CV-547, 2025 WL 2301588, at *2 (S.D. Ohio Aug. 11, 2025) ("Because the proposed amendment is closely tied to the existing allegations and would not unfairly or fundamentally alter the nature of this case, and because this case remains in its early stages, there is no identifiable prejudice."). With respect to pending motions for injunctive relief, there have been both jointly requested extensions of various deadlines (Doc. Nos. 46, 57, 119) and a stay of about a month (Doc. No. 129). The passage of a year, therefore, does not support any contention of delay as much as it might seem at first glance. *Cf. Martinez v. Hiland*, No. 5:13-CV-P182-GNS, 2017 WL 939009, at *2 (W.D. Ky. Mar. 9, 2017) (denying motion to amend or to supplement where, *inter alia*, action was pending for over three years, summary judgment motions were pending for over two years, and discovery was completed).

With respect to futility, the proposed Count II essentially accuses defendants of violating the Sherman Act through a perceived disparity announced in their own press release:

| Student-athletes | Which eligibility rules apply |
| --- | --- |
| Student-athletes who used their final season of competition (under previous rules) during 2025-26. | No additional eligibility. |
| Current student-athletes with eligibility remaining (under previous rules) after the 2025-26 academic year. | Either the previous rules OR the new age-based model, whichever is most beneficial to the student-athlete. |
| Prospects who initially enroll full time at any college or university during 2026-27. | Either the previous rules OR the new age-based model, whichever is most beneficial to the student-athlete. |
| Prospects who initially enroll full time at any college or university in fall 2027 or later. | The age-based model only. |

(Doc. No. 126-3 at 3.) Subject to further development of the record, the proposed new contract claims flow from the changes in eligibility rules. Defendant has suggested that the settlement from *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW, Doc. No. 963-1 (N.D. Cal. July 26, 2024) (the *House* Case) makes the proposed second amended complaint futile, but this argument falls short for two reasons. First, the *House* settlement appears to have focused on "certain NCAA and conference rules and practices regarding (a) compensation and benefits which may be provided to student-athletes during the relevant class periods and (b) NCAA roster and scholarship limits." (Doc. No. 77-2 at 4.) To the extent that the proposed second amended complaint implicates policy changes that post-date the *House* settlement, those issues would not have been contemplated earlier. The claims in the proposed second amended complaint thus appear to differ from concerns about compensation and scholarships. *See Wisne v. Nat'l Collegiate Atheletic Ass'n*, No. 1:26-CV-03063, 2026 WL 2214234, at *8 (D. Colo. July 31, 2026) ("These released [*House* settlement] claims, on their face, concern NIL agreements, negotiation, and compensation. They do not

concern the Rule and its eligibility changes that Plaintiffs challenge here."), *opinion clarified*, No. 1:26-CV-03063-CNS-KAS, 2026 WL 2214320 (D. Colo. Aug. 2, 2026), *appeal docketed*, No. 26-1309 (10th Cir.), *injunction stayed pending appeal*, No. 26-1309, Doc. No. 28 (10th Cir. Aug. 21, 2026). Second, if the Court credits defendant's argument that it has briefed claim preclusion as part of its pending motion to dismiss (Doc. No. 122 at 5; *see also* Doc. Nos. 94, 98, 99), all sides will benefit from having all interested parties address the issue in updated papers in this case rather than in piecemeal litigation later. Futility thus is not a concern, and the proposed amendment should proceed subject to future argument and development of the record.

**Conclusion**

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion for leave to file a second amended complaint. (Doc. No. 112.) The Clerk of the Court is directed to docket Doc. No. 112-1 as the Second Amended Complaint in this case. Rule 15(a)(3) will govern the time to respond to the Second Amended Complaint unless an extension is sought by proper motion.

The Court also DENIES[1] defendant's motion to dismiss (Doc. No. 94) but without prejudice to filing an updated motion that addresses the Second Amended Complaint.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

---

1 The Court has concluded that a non-dispositive resolution to the motion is appropriate, given the denial without prejudice. Under the circumstances here, because the "penalty to be imposed, rather than the penalty sought by the movant" controls magistrate judge authority, *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995), the Court is proceeding by order rather than by report and recommendation. *Cf. Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 768 (D. Md. 2023) (standard of review for Rule 37 dismissal sanction "is governed by the result the Magistrate Judge determines") (citations omitted); *Edwards v. DeBord*, No. 7:18-CV-00423, 2021 WL 5827324, at *3 (W.D. Va. Dec. 8, 2021) (same) (citations omitted).